885 F.2d 866
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Florence E. SPEARS, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health & Human
Services, Defendant-Appellee.
 No. 89-1716.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 26, 1989.
Decided Sept. 6, 1989.
 
 Charles M. Hatcher, Jr., on brief for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, William B. Reeser, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services. Michael W. Carey, United States Attorney, Kurt E. Entsminger, Assistant United States Attorney, Southern District of West Virginia, on brief for appellee.
 Before HARRISON L. WINTER, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Florence E. Spears appeals from the judgment of the district court sustaining the Secretary's decision that she is not entitled to social security disability benefits. We affirm.
 
 I.
 
 2
 Claimant is a former beautician who asserts that she became permanently disabled on August 13, 1973 at age 47 as a result of chronic obstructive pulmonary disease coupled with a fused left knee. Although her left knee is described throughout the record as being "fused", it appears that it is not totally stiff. While there can be little question that claimant is permanently disabled now, the question we must decide is whether this was so on December 31, 1974 (11 years prior to the application for disability benefits), the date on which her insured status expired. Claimant's physical impairments are of a progressive nature so that her present total disability is not evidence of the extent of her disability in 1974.
 
 
 3
 The administrative law judge, whose decision became that of the Secretary and was affirmed by the district court, found that claimant could not perform her past relevant work, but that she had the residual functional capacity to perform a limited range of sedentary exertional work. The latter finding was based upon the use of the grids and the testimony of a vocational expert.
 
 
 4
 Before us, claimant advances two major contentions. First, she argues that her impairments equal the severity of Listing 3.00 of Appendix 1, 20 C.F.R. Part 404, Subpart P for respiratory impairments so that she is entitled to benefits without further proof. Second, she argues that there is not substantial evidence to support the finding that she could, as of the date of expiration of eligibility, perform specific sedentary exertional occupations. We discuss these contentions in the order stated.
 
 II.
 
 5
 We conclude that the record does not show that claimant has a breathing impairment of the severity of Listing 3.00 of Appendix 1, 20 C.F.R. Part 404, Subpart P. Prior to the date of expiration of eligibility, claimant had only one acute respiratory episode. While it lasted eight days, almost two years elapsed before another episode occurred, and this was after claimant's insured status had expired. The one episode is clearly not enough to demonstrate crippling chronic pulmonary obstruction disease. Indeed, such disease was not diagnosed until October, 1976.
 
 
 6
 Claimant's knee had been fused since 1957, but she was able to work as a beautician through 1973, as well as to operate a motor vehicle and to stand for seven hours in an eight-hour day. It was therefore not improper to conclude that the fused knee made no substantial contribution to any disability on the part of the claimant for purposes of awarding social security disability benefits.
 
 III.
 
 7
 We conclude that there was substantial evidence to support the finding that prior to December 31, 1973, claimant could perform sedentary work which did not involve prolonged walking or standing or tolerating exposure to dust and fumes and which did not require use of her left leg for foot controls or crawling, stooping, squatting or kneeling.
 
 
 8
 The record contains no medical evidence that claimant would be unable to perform such work. Both the grids and the vocational expert established that there is such work in the national economy. The Secretary was not required to prove that there was a specific job at a specific place available to the claimant. It was enough to show that claimant had the residual functional capacity to perform a limited range of sedentary work activity so as to perform a significant number of jobs that existed in the national economy. In our view, this was amply demonstrated.
 
 
 9
 Since we conclude that the decisional process would not be aided by oral argument, we dispense with the same and decide the case on the record and briefs.
 
 
 10
 AFFIRMED.